UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SONIA SANDHU,                )
                             )
        Plaintiff,           )     No: 19 CV
                             )
    vs.                      )
                             )
ALLY FINANCIAL, INC.,        )
                             )
        Defendant.           )

**COMPLAINT**
**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("ACT"), for the Defendant, **ALLY FINANCIAL, INC.,** ("ALLY" or Defendant) having subjected Plaintiff, **SONIA SANDHU.** hereinafter ("SANDHU" or "Plaintiff") to race discrimination (hostile environment-disparate treatment), despite SANDHU complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Eastern Division.

**PARTIES**

4. SANDHU is a Asian female of East Indian decent who is a resident of Algonquin, McHenry County, Illinois.

5. SANDHU is an employee of ALLY since 2018 and performs the duties of a Senior Project Manager.

6. At all times relevant, ALLY is a corporation formed under the laws of Delaware and doing business in Illinois.

7. ALLY is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, ALLY having subjected Plaintiff, SANDHU to race discrimination by failure to treat her the same as non-Asian employees and allowing her to be subjected to racial harassment despite SANDHU complaints about same. SANDHU was bullied and harassed because of her race, although she fully qualified and was also subjected to a hostile work environment while others not in her protected class were treated better.

9. Defendant by its action or actions of its agents caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff performance in her job by failing to treat her the same in terms and conditions of employment as non-Asian employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the race discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

11. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") in December of 2017 That charge was timely filed, under the ACT. (See Exhibit "A")

13. On March 18, 2019, Plaintiff was sent a notice from the EEOC of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (TITLE VII SEX DISCRIMINATION)

14. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia,</u> the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seg*., for ALLY having subjected SANDHU to sex discrimination by failure to treat her the same as male employees despite SANDHU's complaints about same.

### STATEMENT OF CLAIMS

16. by failure to treat her the same as male employees and allowing her to be subjected to sexual intimidated and harassment despite SANDHU complaints about same. SANDHU was then subjected to a hostile work environment and constantly criticizing about her job performance. Further, SANDHU's supervisor knowingly treated SANDHU

3

differently than male employees whose performance which was the same as, or less than that of SANDHU.

17. ALLY intentionally subjected SANDHU to unequal and discriminatory treatment by discriminating and allowing the sexual criticizing and harassing of SANDHU and holding her to a higher standard of performance than male employees, including working excessive hours at the facility.

18. By engaging in discriminatory conduct, ALLY discriminated against SANDHU in violation of 42 U.S.C. 2000(e) as amended.

19. The discriminatory action of ALLY as set forth above has caused SANDHU to suffer losses of earnings, and as a further proximate result of ALLY's unlawful and intentional discriminatory actions against SANDHU, as alleged above, SANDHU has been harmed in that SANDHU has suffered in her position, her work environment became impaired and also her work performance.

20. As a further proximate result of ALLY'S unlawful and intentional discriminatory actions against SANDHU, as alleged above, SANDHU has been harmed in that SANDHU has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

21. All the above in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by <u>inter alia</u> the Civil Rights Act of 1991. 23. As a result of such discrimination and consequent harm, SANDHU has suffered such damages in an amount according to proof.

22. Further, said action on the part of the ALLY was done with malice and reckless disregard for SANDHU'S protected rights.

4

**AS AND FOR A THIRD COUNT OF ACTION**
**(Title VII- NATIONAL ORIGIN DISCRIMINATION)**

23. SANDHU realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. SANDHU brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for ALLY, having subjected SANDHU to National Origin discrimination by failure to treat her the same as non-Eastern Indian employees despite SANDHU'S complaints about same.

25. That SANDHU was treated differently than non-Eastern Indian employees in the handling of her work environment and held her to a higher standard of performance.

26. Further, ALLY by its action or inactions of its agents based upon SANDHU'S complaints in the work place about her working conditions, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of SANDHU'S employment and SANDHU'S performance in her job, based upon her National Origin. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

27. By reason of the National Origin discrimination of ALLY, SANDHU has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

28 ALLY's violation of SANDHU rights was willful.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Title VII-RETALIATION)**

5

29. SANDHU realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Defendant's agents have intentionally retaliated against SANDHU, based upon filing her complaints of sexual and racial inequality. Thereafter, Defendant's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating her differently than other employees. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

31. By reason of this retaliation by Defendant's, SANDHU has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

40. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

   1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

   2. For injunctive relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

   3. For actual damages from wrongful discipline and compensatory damages of $300,000.00 for each count set forth above;

   4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the

Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

SONIA SANDHU

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Attorney for Plaintiff
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099